IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
NANCY CHAPPEY,                      )
                                    )
Plaintiff,                          )
                                    )
vs.                                 )   NO. 2:08-CV-271
                                    )
INEOS USA LLC and                   )
INEOS OLIGOMLY,                     )
                                    )
Defendants.                         )
```

## OPINION AND ORDER

This matter is before the Court on the Defendant Ineos USA LLC's Motion to Dismiss Certain Claims Pursuant to Fed. R. Civ. Pro. 12(B)(6), filed by Defendants, INEOS USA LLC and Ineos Oligomly, on October 29, 2008 (DE #6). For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**. The Clerk is **ORDERED** to **DISMISS** Plaintiff's claims arising under the theories of negligence *per se* (Compl. ¶¶ 35-40), nuisance *per se*, private nuisance, and public nuisance (Compl. ¶¶ 41-45), and any claims Plaintiff purports to assert under a theory of product liability (Compl. ¶¶ 46-51), IOSHA or other undisclosed labor laws (Compl. ¶¶ 52-91) **WITH PREJUDICE**. Additionally, the Clerk is **ORDERED** to **DISMISS** all claims against Defendant, "Ineos Oligomly" **WITH PREJUDICE**. This case remains pending as to Plaintiff's negligence claim against Defendant, INEOS USA LLC.

BACKGROUND

Defendants, INEOS USA LLC and Ineos Oligomly (collectively "INEOS") move to dismiss the following claims stated against them in Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6): claims arising under theories of negligence *per se* (Compl. ¶¶ 35-40), nuisance *per se*, private nuisance, and public nuisance (*Id.* ¶¶ 41-45), and any claims Plaintiff purports to assert under a theory of product liability (*Id.* ¶¶ 46-51), IOSHA or other undisclosed labor laws (*Id.* ¶¶ 52-91). Additionally, INEOS also moves the Court to dismiss all claims against Defendant "Ineos Oligomly," arguing it is not a separate entity capable of being sued.

Plaintiff, Nancy Chappey, was employed by BP Amoco, and worked at the facility located at 2300-2357 Standard Avenue, Whiting, Indiana. (Compl. ¶¶ 1, 3.) Chappey alleges that INEOS "owned and/or maintained" the facility at this location. (*Id.* ¶ 1.) She also claims that while she was employed at this location, she "became extremely ill and sickened with Legionnaires disease" because she was exposed to "dangerous levels of toxins, contaminants, and disease" that were "detected in the hot water system in the building." (*Id.* ¶¶ 3, 5.) The complaint states causes of action under negligence (*Id.* ¶¶ 27-34), negligence *per se* (*Id.* ¶¶ 35-40), "nuisance/public nuisance/public nuisance per se" (*Id.* ¶¶ 41-45), product liability (*Id.* ¶¶ 46-51), and one or more

2

undisclosed "Indiana labor law[s]" (*Id.* ¶¶ 52-91.) Plaintiff seeks both compensatory and punitive damages. (*Id.* ¶¶ 92-93.)

DISCUSSION

The purpose of a motion to dismiss is to test the legal sufficiency of the complaint, not to decide the merits. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). In determining the propriety of dismissal under Federal Rule of Civil Procedure 12(b)(6), the court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the light most favorable to the plaintiff. *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001). A court must "construe pleadings liberally, and mere vagueness or lack of detail does not constitute sufficient grounds for a motion to dismiss." *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). To avoid dismissal, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests'" and the allegations "must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65, 1973 n. 14 (2007)). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Bd. of*

*Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994) (citing *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992)). A complaint may not be dismissed just because it omits factual allegations, but it may be dismissed when the plaintiff makes clear that she does not plan to prove an essential element of her case. *Id.*

Plaintiff's Claims Against "Ineos Oligomly"

Defendants move the Court to dismiss all claims against Defendant, "Ineos Oligomly," on the basis that it is not a separate legal entity capable of being sued. Rather, Defendants assert that the correct name of the division is "Ineos Oligomers," and "Ineos Oligomers" is a division of INEOS, not a separate legal entity. (Defs.' Mem. In Supp. Of Mot. To Dismiss, p. 1 n.1, see also Notice of Removal, DE #2, ¶ 2.) In her response, Chappey fails to oppose (or even address) INEOS' request. As a result, Chappey has abandoned those claims. *See Campbell v. Supervalu, Inc.*, 565 F.Supp.2d 969, 974 n. 6 (N.D. Ind. 2008) (holding plaintiffs abandoned claims by failing to respond to defendant's arguments in its motion for summary judgment); *see also Gillespie v. City of Indianapolis*, 13 F.Supp.2d 811, 826 (S.D. Ind. 1998), *aff'd.* 185 F.3d 693 (7th Cir. 1999) (holding plaintiff abandoned claims by failing to respond to defendants' arguments in its motion to dismiss). Therefore, the claims made against "Ineos Oligomly" are

4

dismissed with prejudice.

Plaintiff's Negligence *Per Se* Claim

Chappey alleges a claim for negligence *per se.* (Compl. ¶¶ 35-40.) Specifically, she asserts that Defendants improperly maintained the building or location, which resulted in toxins, contaminants, and bacteria, which caused her disease. (*Id.* ¶¶ 35-38.) Further, Chappey alleges that Defendants "violated various statutes, ordinances or regulations without justification or excuse." (*Id.* ¶ 40.) Defendants believe the negligence *per se* claim should be dismissed because no statute or regulation was identified, thus the count adds nothing to the already pled negligence count, and does not give Defendants fair notice of the basis of Plaintiff's claim. (Defs.' Mem. In Supp. Of Mot. To Dismiss, p. 4.) In her reply, Chappey argues that she has complied by filing a short plain statement, and that *Bell Atlantic* does not require that a negligence *per se* claim reference a specific statute.[1] (Pl.'s Resp., p. 2.)

Indiana courts have long recognized negligence for statutory violations.[2] *See Kho v. Pennington*, 875 N.E.2d 208, 212 (Ind.

---

[1] Note that this is the only claim that Chappey addresses in her response brief.

[2] Although federal law supplies the standards to be considered in determining whether Chappey's complaint states claims upon which relief may be granted, Indiana law provides the choice of law rules. *See Sheldon v. Munford, Inc.*, 660 F. Supp.

5

2007)(citing cases). "The violation of a duty fixed or prescribed by statute is often described as negligence *per se*." *Id.* The unexcused violation of a statutory duty constitutes negligence *per se* "if the statute or ordinance is intended to protect the class of persons in which the plaintiff is included and to protect against the risk of the type of harm which has occurred as a result of its violation." *Id.* at 212-13 (quoting *Plesha v. Edmonds ex rel. Edmonds*, 717 N.E.2d 981, 986 (Ind. Ct. App. 1999)). "When a civil tort action is premised upon violation of a duty imposed by statute, the initial question to be determined by the court is whether the statute in question confers a private right of action." *Right Reason Publ'ns v. Silva*, 691 N.E.2d 1347, 1352 (Ind. Ct. App. 1998)(quotation omitted); *see also Dawson by Dawson v. Long*, 546 N.E.2d 1265, 1268 (Ind. Ct. App. 1989) (holding in order for the violation of a statute or ordinance to be negligence *per se*, the trier of fact must first determine whether the statute is applicable). In this case, it is impossible to determine if the ordinance was designed or enacted to protect the class of persons in which Chappey is included against the risk of the type of harm which in fact occurred, because she fails to specify the regulation or ordinance which was allegedly violated.

Notice pleading requirements suggest that Plaintiff must plead

---

130, 133 n. 1 (N.D. Ind. 1987). Where, as here, the alleged injury occurred in Indiana, Indiana substantive law applies. *See Cox by Zick v. Nichols*, 690 N.E.2d 750, 752 (Ind. Ct. App. 1998).

the specific statute on which she bases her claim for negligence *per se*. *See Bell Atlantic*, 127 S. Ct. at 1964-65 (holding the complaint must describe a claim in sufficient detail to give defendant fair notice of what the claim is and the grounds upon which it rests). Here, where Chappey is bringing a claim based upon specific statutes, regulations, or ordinances, it logically follows that she must plead the statute(s) upon which the claim is based. As the Court found in granting a motion to dismiss where the complaint failed to identify a specific statute that supported a claim of negligence *per se* in *Holler v. Cinemark USA, Inc.*, 185 F.Supp.2d 1242, 1244 (D. Kan. 2002), "plaintiff's generic complaint that defendant violated unspecified 'local, state and federal statutes, guidelines and regulations' does not provide fair notice of his claim." Similarly, because Chappey has failed to identify a specific statute, regulation, or ordinance to support her claim of negligence *per se*, Defendants do not have fair notice of the claim, and it should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

<u>Plaintiff's Public or Private Nuisance or Nuisance *Per Se* Claim</u>

Plaintiff also alleges a claim under "nuisance/public nuisance/public nuisance per se." (Compl. ¶¶41-45.) She alleges that Defendants negligently failed to properly maintain the location (*Id.* ¶ 41), the negligence resulted in the location being

7

unsafe, an unhealthy condition of public utilities, and an imminent hazard to public health, safety, and welfare (*Id.* ¶ 42), that the failure to maintain created a blighted area and a nuisance (*Id.* ¶ 43), the location contained a mechanical defect including corrosion of the pipes (*Id.* ¶ 44), and the location is now closed because it is unfit for human habitation (*Id.* ¶ 45). Defendants move for dismissal because Chappey fails to allege that her exposure to a contaminant interfered with her enjoyment of a property right. Chappey does not respond to these arguments in her response memorandum, and has therefore abandoned the claims. *See Campbell,* 565 F.Supp.2d at 974 n. 6; *Gillespie*, 13 F.Supp.2d at 826. Even assuming, *arguendo*, that Chappey did respond, these claims would still be subject to dismissal under Rule 12(b)(6).

Indiana broadly defines a "nuisance" by statute to include anything that is injurious to health, indecent, offensive to the senses, or an obstruction to the free use of property that interferes with the comfortable enjoyment of life or property. See I.C. 32-30-6-6. Nuisances may either be public or private. A "public nuisance" is one that affects an entire neighborhood or community, versus a "private nuisance" which affects only a single person or a determinate number of people. *See Wernke v. Halas*, 600 N.E.2d 117, 120 (Ind. Ct. App. 1992). "If an activity meets the requirements of an unreasonable interference with a public right, it may constitute a public nuisance." *City of Gary ex rel. King v.*

*Smith & Wesson Corp.*, 801 N.E.2d 1222, 1233 (Ind. 2003). The essence of a private nuisance claim "is the use of property to the detriment of the use and enjoyment of another's property." *Wernke*, 600 N.E.2d at 120.

Both public and private nuisances are further subdivided into nuisance *per se*, or nuisances at law, and nuisances *per accidens*, or nuisances in fact. *Id.* A nuisance *per se* is a nuisance in and of itself that cannot be performed lawfully. *See Hopper v. Colonial Motel Props., Inc.*, 762 N.E.2d 181, 186 (Ind. Ct. App. 2002). For example, "a house of prostitution and an obstruction that encroaches on the right-of-way of a public highway are nuisances per se." *Wernke*, 600 N.E.2d at 120 (citations omitted).

In this case, the allegations in the complaint are insufficient when analyzed under any nuisance theory. With regard to a private nuisance claim, Plaintiff does not allege that her exposure to a contaminant interfered with her use and enjoyment of a property right (which is the heart of a private nuisance claim). *See Wernke*, 600 N.E.2d at 120. Rather, Chappey only alleges that she suffered personal injuries, and this is insufficient to state a claim for private nuisance. *See Hopper*, 762 N.E.2d at 186-87 (granting summary judgment for defendant on private nuisance claim where motel patron was injured by an accidental gunshot from room above, finding no showing that the motel interfered with the use and enjoyment of the room, but rather that the gunshot wound

suffered was the essence of the action).

The complaint also fails to state a claim of action under public nuisance. Chappey asserts that "other individuals became ill before Plaintiff, due to same or similar reasons." (Compl. ¶ 33.) However, she fails to identify any other person in the community that became ill due to exposure to a contaminant at the property, or that Defendants' actions affected a public right. Without more, the complaint does not state a valid claim for public nuisance, which is "predicated on unreasonable interference with a public right." *City of Gary*, 801 N.E.2d at 1231.

Finally, Chappey fails to state a claim for nuisance *per se.* She alleges that the property:

> [C]ontained a mechanical defect, so as to cause a deteriorating and physical decadence or decomposition of parts of the building, system or an entire system at said [Property], including but not limited to corrosion of pipes in the plumbing and/or hot water system or other defects as [sic.] said [Property].

(Compl. ¶ 44.) To establish nuisance *per se*, Chappey must show that the pipes and/or hot water systems are injurious in and of themselves, and cannot be maintained lawfully. *See Wernke*, 600 N.E.2d at 120. It is commonsense that there is nothing injurious in and of itself about pipes or a hot water system. Thus, Plaintiff's theories of private nuisance, public nuisance, and nuisance *per se,* are all dismissed for failure to state a claim.

Plaintiff's Product Liability Claim

Under the subheading of "Products Liability - Negligence," Chappey alleges that Defendants negligently maintained the property and failed to warn others of the dangerous toxins and contaminants. (Compl. ¶¶ 46-51.) Defendants argue this claim should be dismissed because it fails to identify a product. Chappey does not address these arguments in her response and has therefore abandoned the claims. *See Campbell,* 565 F.Supp.2d at 974 n. 6; *Gillespie*, 13 F.Supp.2d at 826. Even assuming, *arguendo*, that Chappey did respond, these claims would still be subject to dismissal under Rule 12(b)(6).

The closest Chappey comes to identifying a products liability claim, and a product, is the following allegation:

> Manufacturer's supplied or installed unsafe items, including a water heater/system, plumbing device or other similar item at said "Location," which caused or contributed to cause dangerous levels of toxins, contaminants or bacteria, including but not limited to Legionnaires disease to become present at said "Location."

(Compl. ¶ 50(e).) Although Chappey tries to style the claim as "negligence," it still falls under the Indiana Product Liability Act ("IPLA"). *See Campbell*, 565 F.Supp.2d at 976 (quoting *Dague v. Piper Aircraft Corp.*, 418 N.E.2d 207, 212 (Ind. 1981)("the Product Liability Act expressly applies to all product liability actions sounding in tort, including those based upon a theory of negligence.")). The IPLA governs all actions brought by a user or

11

consumer, against a manufacturer or seller, for physical harm caused by a product. (I.C. 34-20-1-1.) In this case, Plaintiff has not alleged that INEOS was a manufacturer or a seller of any product. Additionally, Chappey has failed to specifically identify a product. As such, her claim for product liability must be dismissed. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1042 (7th Cir. 1999) ("a claim that does not fit into an existing legal category requires more argument by the plaintiff to stave off dismissal, not less, if the defendant moves to dismiss on the ground that the plaintiff's claim has no basis in law.").

Plaintiff's Labor Law Claim

Finally, Plaintiff has also failed to state a claim under "Indiana Labor Law." (Compl. ¶¶ 52-91.) As with most of Chappey's other claims, she once again does not respond to Defendants' arguments in her response memorandum and has therefore abandoned the claims. *See Campbell,* 565 F.Supp.2d at 974 n. 6; *Gillespie*, 13 F.Supp.2d at 826. Even assuming, *arguendo*, that Chappey did respond, these claims would still be subject to dismissal under Rule 12(b)(6).

Chappey's allegations for violation of labor law are confusing and obscure. Plaintiff seems to allege that INEOS and its:

> servants, agents, lessees, permittees, contractors and/or employees, entered into an agreement relative to certain work, labor and services to be performed at the certain premises and buildings, or

12

>           a portion thereof, located in the City of Whiting,
>           Indiana, at the "Locations."

(Compl. ¶ 61.) However, Chappey never defines the work at issue, and she seems to suggest that both individuals employed by INEOS conducted the work (*Id.* ¶ 61), and that Plaintiff herself was performing the work (*Id.* ¶ 69). However, Chappey was "employed by BP AMOCO" (*Id.* ¶ 3), not INEOS. Chappey fails to allege how the work at issue implicates one or more unspecified labor laws. The only specific law or regulation she refers to within the forty paragraphs devoted to "Indiana Labor Law" is the Indiana Occupational Health and Safety Act ("IOSHA"), section 3.1, which states:

>           Every employer shall comply with the occupational
>           health and safety standards promulgated under this
>           chapter, and pursuant to any directions in such
>           standards, keep his employees informed of their
>           protections and obligations under the chapter, the
>           hazards of the work place and suitable precautions,
>           relevant symptoms and emergency treatment for such
>           hazards.

(I.C. 22-8-1.1-3.1.) Therefore, even if Chappey had any claim under IOSHA, it would be against her employer (which she alleges is BP AMOCO), not INEOS. However, it is established that IOSHA does not provide a private right of action. (I.C. 22-8-1.1-48.3.) Thus, Plaintiff's claims that INEOS violated one or more labor laws is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6).

<u>CONCLUSION</u>

For the reasons set forth above, Defendants' motion to dismiss is **GRANTED**. The Clerk is **ORDERED** to **DISMISS** Plaintiff's claims arising under the theories of negligence *per se* (Compl. ¶¶ 35-40), nuisance *per se*, private nuisance, and public nuisance (Compl. ¶¶ 41-45), and any claims Plaintiff purports to assert under a theory of product liability (Compl. ¶¶ 46-51), IOSHA or other undisclosed labor laws (Compl. ¶¶ 52-91) **WITH PREJUDICE**. Additionally, the Clerk is **ORDERED** to **DISMISS** all claims against Defendant, "Ineos Oligomly" **WITH PREJUDICE**. This case remains pending as to Plaintiff's negligence claim against Defendant, INEOS USA LLC.

**DATED: March 23, 2009**            /s/RUDY LOZANO, Judge
                                     **United States District Court**